IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 24-CR-141-RAW |
| MICHAEL WAYNE LAMBERT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SEJARYEE BEAR, | ) | Case No. 24-CR-181-RAW |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the court is the motion of the government for joinder. The motion is opposed by both defendants. In 24-CR-141-RAW, defendant Lambert is charged with Murder in Indian Country (Count 1), Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence (Count 2), and Causing the Death of a Person in the Course of a Violation of 18 U.S.C. §924(c). In 24-CR-181-RAW, defendant Bear is charged (in the original indictment) with Accessory After the Fact regarding the murder charged in 24-CR-141-RAW.[1]

---

[1] Defendant Bear has been charged in a superseding indictment (#51 in 24-CR-181) with the same offenses as Lambert, with an additional fourth charge of Accessory After the Fact. The government states

The motion implicates the following Federal Rules of Criminal Procedure: 8, 13, and 14. Rule 8 "sets forth the limits on when charges and defendants can properly be joined." 1A Wright & Leipold, *Federal Practice and Procedure,* §217 at 577 (2020 ed.). Rule 13 provides "that if multiple charges and defendants were brought in separate charging documents in the first instance, but could have been joined in a single indictment or information, the court has the subsequent authority to consolidate the multiple charges and defendants in a single trial." *Id.* Thus, "[f]or courts considering a motion to join separate indictments or informations, this presents the threshold question of whether the government could have satisfied the requirements of Rule 8 if the charges and defendants had been brought as a single proceeding." *Id.* (footnote omitted).

Rule 8(a) governs the joinder of offenses.[2] Rule 8(b) governs the joinder of defendants.[3] *United States v. Hill,* 604 Fed.Appx. 759, 767-68

---

that, should the present motion be granted, the government will proceed against defendant Bear as to the original indictment, not the superseding indictment (#56 at 2).

[2]The Rule provides that two or more offenses may be joined if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

[3]The Rule provides that two or more defendants may be charged "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

(10th Cir.2015).  Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system.  *Id.* at 768.

A district court may order a joint trial if all offenses and all defendants "could have been joined in a single indictment."  Rule 13 F.R.Cr.P.  "Rule 13 is permissive rather than mandatory, and even when trying the cases together is permitted, it is still within the court's discretion to try the cases separately."  1A Wright & Leipold, §217 at 579 (footnote omitted).  In exercising its discretion the court should weigh the efficiency and convenience of a single trial against the risks of prejudice to the defendant from a single proceeding.  And if there are significant doubts about the fairness [of] trying all charges and defendants together, the court should refuse to consolidate."  *Id.* at 579-80 (footnotes omitted).  "In general, however, courts have placed a premium on avoiding multiple trials, and so where the requirements of Rule 8 are satisfied a motion under Rule 13 typically will be granted."  *Id.* at 580 (footnotes omitted).

Viewing the indictment against defendant Lambert and the original indictment against defendant Bear, the court finds that the threshold test is satisfied.  *See, e.g., United States v. Van Scoy,* 492 F.2d 347, 348-49 (10th Cir.1973)(concluding prosecution for bank robbery and prosecution

3

for being accessory after the fact constituted parts of common scheme and were sufficiently connected for joinder and therefore were subject to consolidation). In the case at bar, even if the evidence does not demonstrate a common scheme, both indictments involve the "same act," or the "same series of acts . . . constituting an offense," i.e., the alleged murder of the victim. *See* Rule 8(b) F.R.Cr.P.

This leaves the issue of prejudice, which implicates Rule 14(a) F.R.Cr.P., although that Rule traditionally applies in a defendant's motion for severance as to an original indictment, rather than an objection to a government motion for joinder. The Tenth Circuit has established a three-step framework for district courts to use when deciding severance motions. *United States v. Armenta,* 2024 WL 4784958, *3 (10th Cir.2024). First, the court must determine whether the defenses presented are so antagonistic that they are mutually exclusive. Second, because mutually antagonistic defenses are not prejudicial per se, a defendant must further show that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Third, if the first two steps are satisfied, the trial court exercises its discretion and weighs the prejudice to a particular defendant caused by joinder against the obviously important

considerations of economy and expedition in judicial administration. *Id.*

The court finds the first step is satisfied. It is represented that both defendants (the only two witnesses to the alleged crime) will each assert that the other shot the victim. "This is exactly the kind of 'direct accusation that would have logically prevented the jury from accepting both theories.'" *Id.* at 5 (citation omitted).

It is represented that defendant Bear will assert a duress or coercion defense. She intends to introduce evidence of instances of domestic violence committed by Lambert on her. She also seeks to call an expert witness on domestic violence. In the court's view, this would constitute "inflammatory character evidence" prejudicial to Lambert. *Id.* at 7. The Tenth Circuit found that a co-defendant's duress evidence did not warrant severance because it "did not help the government prove its case against Armenta; the victims carried that burden." *Id.* In the case at bar, the only victim is dead. The testimony of the defendants (should they testify) will be the only eyewitness description of events. The court finds the second step is also satisfied.[4]

---

[4] *See also United States v. Blunt,* 930 F.3d 119, 126-27 (3rd Cir.2019)(reversing district court's denial of a motion to sever when one defendant advanced a duress theory and sought to cast blame on the other).

Finally, the court proceeds to the third step. Weighing prejudice against judicial economy, the court finds that the former outweighs the latter. This step leaves the tailoring of any relief to the trial court's discretion. *Id.* The Supreme Court has recognized that limiting instructions often will suffice to cure any risk of prejudice. *Id.* In the present case, however, the court is not persuaded that limiting instructions are sufficient for the type of evidence proposed by defendant Bear. The government's motion will be denied on that basis.

The court has concerns about a second aspect as well. Defendant Lambert represents that counsel for defendant Bear briefly represented Lambert regarding the same incident in tribal court. Counsel for defendant Bear has addressed the matter in a lengthy footnote. (#66 in 24-CR-181 at n.1). She appears to deny any conflict but the footnote concludes: "And while Mr. Lambert uses this purported conflict as a method to defeat joinder, if it exists, undersigned counsel would need to immediately withdraw from Ms. Bear's case irrespective of a joinder. Clarification related to their position may be warranted." It appears this factual matter needs to be resolved and might result in delay. Meanwhile, the trial of Mr. Lambert can proceed.

It is the order of the court that the motion of the government for joinder (#56 in 24-CR-141 and #65 in 24-CR-181) is hereby denied.

**ORDERED THIS 5th DAY OF AUGUST, 2025.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**